UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEKZAD DZHANPOLATOV,

    Plaintiff,

    v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS),

    Defendant.

Case No. 25-cv-03314-RS

**ORDER DENYING MOTION FOR INJUNCTIVE RELIEF**

Plaintiff Bekzad Dzhanpolatov seeks an order compelling the United States Citizenship and Immigration Services (USCIS) to issue him "temporary I-551 evidence (ADIT stamp)," or to "complete adjudication of [his pending] I-130 and I-485" within four days. Dzhanpolatov filed this action and his initial application for a temporary restraining order a mere 12 days after submitting his Form I-485 to the USCIS. Complaint, "Factual Background," Para. 1. Dzhanpolatov originally complained that USCIS had not acted on his request to expedite within 10 days. Dzhanpolatov filed a supplemental declaration acknowledging he received notice from USCIS that his request to expedite had been denied. Dkt. No. 11. He now contends the request was erroneously denied on the grounds that he was only seeking expedited processing for purposes of "employment," when in fact he needs favorable action on his application so that he can enlist in the United States Army.[1]

---

[1] In a different supplemental declaration Dzhanpolatov lists various other hardships he contends he is suffering absent obtaining lawful permanent residence status. Dkt. No. 9. None of those issues

An application for preliminary injunctive relief requires the plaintiff to "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. N.R.D.C., Inc.*, 555 U.S. 7, 21-22 (2008). The Ninth Circuit has clarified, however, that courts in this Circuit should still evaluate the likelihood of success on a "sliding scale." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011) ("[T]he 'serious questions' version of the sliding scale test for preliminary injunctions remains viable after the Supreme Court's decision in *Winter*."). As quoted in *Cottrell*, that test provides that, "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," provided, of course, that "plaintiffs must also satisfy the other [*Winter*] factors" including the likelihood of irreparable harm. *Id*. at 1135.

Dzhanpolatov's application meets none of these standards. First, Dzhanpolatov identifies the supposedly irreparable harm he will suffer: "My enlistment must be finalized no later than 19 May 2025; otherwise I will miss the current window and lose the projected ship date of approximately 7 June 2025." Supplemental Declaration of Bekzad Dzhanpolatov in Support of Reply Brief, Dkt. No. 19.[2] Mere delay in Dzhanpolatov's ability to enlist in the Army simply is not sufficient harm to warrant preliminary injunctive relief, particularly in the absence of any showing of egregious, or even unwarranted, delay by USCIS.

Second, while characterized as preliminary relief, Dzhanpolatov effectively seeks judgment on the merits. *See Senate of Cal. v. Mosbacher*, 968 F.2d 974, 978 (9th Cir. 1992) ("judgment on the merits in the guise of preliminary relief is a highly inappropriate result.");

---

are within the scope of what he has pled in the complaint as the basis of relief. Even if those matters had been included in the complaint, however, Dzhanpolatov's showing would not support granting the relief he seeks.

[2] Dzhanpolatov's motion for leave to file a reply brief is granted, and his proposed brief submitted at Dkt. No. 18-1 is deemed filed.

*Mendez v. U.S. Immigration & Customs Enforcement*, 2023 WL 2604585, at *3 (N.D. Cal. Mar. 15, 2023) (rejecting a temporary restraining order in part where "the relief Plaintiffs are seeking in their motion for a [temporary restraining order] is not 'temporary' or 'preliminary' but rather it is the same ultimate relief they seek in their first amended complaint"). Dzhanpolatov's request for an order requiring USCIS to complete adjudication of his I-485 application plainly would, if granted, resolve his case on the merits. Dzhanpolatov appears to believe his alternative request for an order requiring USCIS to issue him "temporary I-551 evidence" in the form of an "ADIT stamp" would be appropriate preliminary relief, pending an actual determination on his I-485 application. Dzhanpolatov fails to recognize that an ADIT stamp is not some form of temporary or conditional approval that can precede a determination of permanent resident status. Rather, an ADIT stamp is one form of evidence that such status has already been granted. Thus, Dzhanpolatov's request for issuance of an ADIT stamp is equivalent to his request that a determination be made on his I-485 application—except that it goes even further because he would be entitled to an ADIT stamp only if his application was both acted on and *granted.*

Dzhanpolatov has made no showing whatsoever that it would be appropriate factually or legally for the court to order USCIS to act on his I-485 application by any particular date, much less order that it be granted. The motion for injunctive relief is denied.

**IT IS SO ORDERED**.

Dated: May 26, 2025

_____
RICHARD SEEBORG
Chief United States District Judge

CASE NO. 25-cv-03314-RS

3