UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEKZAD DZHANPOLATOV,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS),<br><br>Defendant. | Case No. 25-cv-03314-RS<br><br>**ORDER DENYING "MOTION FOR ADMINISTRATIVE RELIEF REQUESTING RECONSIDERATION"** |

Citing Civil Local Rule 7-11, plaintiff has filed what he labels as "motion for administrative relief requesting reconsideration." If plaintiff is seeking reconsideration of the prior order denying injunctive relief, the motion should have been filed under Rule 7-9, as a request for leave to seek reconsideration. Defendant was not prejudiced by the mislabeling, however, because it had the opportunity to file a response—which would not have been permitted if plaintiff had correctly submitted the motion under Rule 7-9. To the extent plaintiff intended to request reconsideration of the court's order, the motion is denied. He has established none of the grounds on which it is permissible to seek reconsideration. See Rule 7-9(b)(1)-(3).

It may be that plaintiff is not seeking to revisit the courts prior order, and instead only wants reconsideration *by defendant* of its denial of his request for expedited processing of his Form I-485 application.[1] If so, such substantive relief is not available through a motion for

---

[1] Although plaintiff's briefing in support of his motion for injunctive relief included an assertion that expedited processing had been incorrectly denied, at that time he only sought a court order

administrative relief under Rule 7-11. Moreover, plaintiff has made no showing he has the right to a court order directing defendant to "immediately reconsider" his request for expedited processing, including "explicitly addressing the military interest" he contends is a basis for expedited processing. The motion is denied.

**IT IS SO ORDERED**.

Dated: June 23, 2025

_____
RICHARD SEEBORG
Chief United States District Judge

---

giving him ultimate relief, not expedited processing by the agency.