UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEKZAD DZHANPOLATOV,

       Plaintiff,

    v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES (USCIS),

       Defendant.

Case No. 25-cv-03314-RS

**ORDER DENYING "MOTION FOR
RELIEF FROM JUDGMENT"**

This action was dismissed and the file closed by order entered on August 19, 2025. See Dkt. No. 39. Invoking Rule 59 of the Federal Rules of Civil Procedure, plaintiff subsequently moved to "alter or amend the judgment" based on alleged "new, urgent humanitarian circumstances that have arisen since the Court's prior ruling." Specifically, plaintiff contended that his parents, who reside abroad, were suffering a severe and sudden decline in health, and that he could not go visit them without jeopardizing an asylum application he submitted in 2021.

Plaintiff's motion was denied by written order explaining that:

> Apart from the fact that plaintiff has made no evidentiary showing in support of his arguments, he has still presented no basis for court intervention in the administrative process. His asylum application was not the subject of this action, and his allegations would not clearly establish unreasonable delay in that process in any event. There also are still no grounds for judicial review of the timeliness of agency action as to his Form I-485 application.

1    Dkt. No. 41 (emphasis added).

2        Plaintiff now seeks relief under Fed. R. Civ. P. 60, contending he has cured the issue

3    identified in the prior order by submitting evidence of his parents' medical conditions. Plaintiff

4    also asserts that 44 days have passed since his I-485 application interview without a determination

5    or explanation from defendants.

6        As plainly stated in the prior order, the fact that plaintiff had made no evidentiary showing

7    in support of his allegations as to his parents' health and related issues was *not* the basis of the

8    ruling, although it further supported the result. "Apart from" that fact, plaintiff failed to show court

9    intervention in the administrative process was warranted, because 1) his asylum application was

10    not the subject of this action; 2) his allegations would not clearly establish unreasonable delay in

11    that process in any event, and; 3) he presented no grounds for judicial review of the timeliness of

12    agency action as to his Form I-485 application. The fact that 44 days have now elapsed since his

13    interview does not alter the analysis. The motion is denied.

14

15    **IT IS SO ORDERED**.

16

17    Dated: October 2, 2025

18    _____

19    RICHARD SEEBORG
      Chief United States District Judge

20

21

22

23

24

25

26

27

28